(No. 22788.—

CLARENCE N. BERGSTROM, Trustee, Appellee, *vs.* JAMES J. COLLERAN *et al.* Appellants.

*Opinion filed April 17, 1935—Rehearing denied June 6, 1935.*

SLOTTOW & LEVITON, (CHARLES LEVITON, and HAROLD P. SHANE, of counsel,) for appellants.

RATHJE, HINCKLEY, BARNARD, KULP & TUCKER, (FRANCIS E. HINCKLEY, and LAURENCE V. MEYERING, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This appeal is brought from the circuit court of Cook county to review a judgment in ejectment in favor of the appellee, Clarence N. Bergstrom.

On June 15, 1929, the appellants, James J. Colleran and Anne Colleran, his wife, together with James J. Ford and his wife, who were also defendants below but who have not appealed from the judgment against them, bought a two-family apartment building in Chicago from Daniel Henrici and Emma, his wife, for $18,200. The Fords and the appellants received warranty deeds to the premises, and they executed and delivered a principal note for $10,000 due ten years from that date, with twenty interest coupons, one due every six months and each in the amount of $300, and also a trust deed securing payment of the note and interest coupons. The note and coupons were payable to bearer, and all were executed and endorsed by the Fords and Collerans. Clarence N. Bergstrom was named trustee in the trust deed. These papers were all delivered to Henrici. At the direction of Henrici the first five interest coupons were paid by the Collerans and Fords at the West Highland State Bank. That bank closed on May 14, 1931, and thereafter monthly payments of $50 were made, at Henrici's direction, by the mortgagors at the Standard National Bank until March 16, 1932. In April, 1932, the Collerans notified Henrici that the Fords could no longer pay interest. Henrici told the Collerans in June, 1932, that the mortgagors would have to quit-claim their interest in the

mortgaged premises to him. Through his attorney Henrici negotiated with them, and on July 21, 1932, a contract was entered into providing that upon the execution and delivery of quit-claim deeds from the Fords and Collerans to Henrici the debt and lien of the trust deed were to be discharged and released. After these deeds were executed and delivered to Henrici he erased his name as grantee therein and substituted the names of Albert Rafaelli and Virginia Rafaelli. Henrici gave the Collerans and Fords paid leases for a term of six months when he received the quit-claim deeds and they continued to occupy the apartment building. However, they did not get the notes and trust deed or a release of the trust deed from Henrici. Prior to this last transaction, and on December 22, 1931, Henrici had pledged the trust deed and notes as collateral security for a loan at the Chicago City Bank and Trust Company. No notice of this assignment was given to the mortgagors by this bank until October 28, 1932. At that time the appellants were notified that the collateral would be sold at public vendue to satisfy Henrici's indebtedness. This was the first time that the appellants knew that Henrici did not have the notes and trust deed in his possession. On receipt of this notice from the bank the appellants notified it in turn, on October 31, 1932, that the quit-claim deeds had been given and the lien of the trust deed and the debt had been thereby released and discharged. However, the collateral was sold by the bank to Phillip Blazer, the real party in interest in this action, for $1325. The evidence is contradictory as to whether Blazer was given notice of the defense of payment by the appellants before he purchased the notes and trust deed. Whether or not he had such notice is immaterial. In any view of the case, his rights would not be affected by such notice. Bergstrom, as trustee, filed suit in ejectment in the circuit court of Cook county on July 6, 1933, against the Collerans, the Fords, the Henricis, the Rafaellis, George M. Fisher, as trustee, Peter Panos,

Othon Poulos and the Arnoldsville Building and Loan Association. The Collerans and Fords pleaded the general issue. Suit was dismissed as to the building and loan association and a judgment was entered by default against the remaining defendants. This appeal is from the judgment entered after a new trial had been granted in accordance with the ejectment statute, and the judgment was against all the defendants. By it the title to the lands in fee and the right of possession thereof were found to be in the plaintiff, Bergstrom. A direct appeal was perfected to this court because a freehold is involved.

It is contended by the appellants that this case is controlled by the rule that the assignee of a mortgage takes it subject to all equities that could be asserted against the mortgagee, and that the assignee is bound to inquire of the mortgagor if there is any reason why the mortgage indebtedness should not be paid. This is the rule first announced in *Olds* v. *Cummings,* 31 Ill. 188, and later followed in *McAuliffe* v. *Reuter,* 166 id. 491, and *Buehler* v. *McCormick,* 169 id. 269. Where, as here, the indebtedness is evidenced by negotiable notes which are secured by a trust deed, we have held that if the debtor makes payment to the trustee he must demand, and receive, possession of the outstanding notes if he is to be released. A discussion of the principles which must control this appeal is found in *Kennell* v. *Herbert,* 342 Ill. 464, where it was said: "Where a trust deed is owned and possessed by a third party who also owns and holds the note for which the trust deed is security the trustee has no implied authority to receive payment of the note, and if payment is made to the trustee without authority and he releases a portion or all of the property from the lien of the trust deed prior to the maturity of the notes, the release has no effect upon the rights of the owner and holder of the trust deed and note to foreclose the same. (*King* v. *Harpster,* 306 Ill. 202.) The owner and holder of notes secured by a trust

deed is not bound by unauthorized payments to the trustee before maturity, and the payor is not justified in relying upon representations made by the trustee when the trustee has neither the actual nor implied authority to receive such payments and where the notes are not surrendered but remain in the hands of the owner and holder, who had no knowledge of the payments. If one pays to the trustee named in a trust deed the debt secured thereby before maturity which the trustee is not authorized to receive, and the trustee releases the trust deed but does not have possession of the notes, which are owned by and in the possession of a third party, the person so paying is chargeable with notice of the trustee's want of power to receive payment. The inference of authority to receive payment arises from the possession of the trust deed and notes by the person to whom the payment is made, the inference of authority is founded upon such possession, and it does not exist without such possession.—*Fortune* v. *Stockton,* 182 Ill. 454; *Stiger* v. *Bent,* 111 id. 328; *Cooley* v. *Willard,* 34 id. 68."

In the *Kennell case* the holder of the notes and trust deed was allowed to foreclose the lien of a trust deed where the payor had obtained a release from the trustee but did not obtain possession of the notes and trust deed. So here, the appellants were bound to demand the surrender of the notes and trust deed when they attempted to discharge their debt by quit-claiming the premises to Henrici. Such demand would have revealed that Henrici had pledged the notes. The trust deed and notes secured thereby were still in full force and effect. *Towner* v. *McClelland,* 110 Ill. 542.

We hold that the appellee was entitled to maintain his ejectment suit by virtue of the trust deed.

*Judgment affirmed.*